**Roxana Maria Elizabeth VASQUEZ–HERNANDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–71080.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2014.*

Filed July 30, 2014.

Wayne Spindler, Tarzana, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yedidya Cohen, Trial, OIL, David V. Bernal, Assistant Director, Anthony Cardozo Payne, Senior Litigation Counsel U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Roxana Maria Elizabeth Vasquez–Hernandez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from a decision of an immigration judge ("IJ") denying her motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Hamazaspyan v. Holder,* 590 F.3d 744, 747 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying Vasquez–Hernandez's motion to reopen seeking to rescind her in absentia order of removal based on lack of notice, where the agency sent a hearing notice by regular mail to Vasquez–Hernandez's most recent address of record, and Vasquez–Hernandez did not present sufficient evidence to rebut the presump-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion of effective delivery. *See Popa v. Holder*, 571 F.3d 890, 897–98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the [agency].'" (citation omitted)); *see also Sembiring v. Gonzales*, 499 F.3d 981, 988–89 (9th Cir.2007) (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery). Moreover, Vasquez–Hernandez has not established other grounds for rescission of the in absentia order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

The agency applied the correct legal standard to Vasquez–Hernandez's claim of lack of notice. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir.2009) (concluding that agency "applied the correct legal standard" in a case where it "expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

We lack jurisdiction to consider Vasquez–Hernandez's requests for *sua sponte* reopening, *see Toufighi v. Mukasey*, 538 F.3d 988, 993 n. 8 (9th Cir.2008), and prosecutorial discretion, *see Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.